IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS OLIVER TURNER, 1473087, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-0031-K |
| | ) | (Consolidated with |
| RICK THALER, Director, Texas | ) | 3:09-CV-0032-K |
| Dept. Of Criminal Justice, Correctional | ) | 3:09-CV-0043-K) |
| Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.      Procedural Background**

Petitioner challenges his sentences in three convictions from Navarro County, Texas for: (1) unlawful possession of a firearm by a felon, in cause number 31157-CR; (2) possession of a controlled substance in an amount of less than one gram, in cause number 31158-CR; and (3) burglary of a habitation in cause number 31155-CR. The trial court, in accordance with a plea agreement, sentenced Petitioner to ten years imprisonment for the possession of a controlled substance conviction and twenty-five years imprisonment for the two other convictions. Petitioner did not appeal his convictions or sentences.

On July 24, 2008, Petitioner filed three separate state habeas petitions. *Ex parte Turner*, Nos. 70,577-01-03. On September 24, 2008, the Court of Criminal Appeals denied the applications without written order on the findings of the trial court.

On December 9, 2008, Petitioner filed the instant petition. He argues his sentences are unlawful because they were enhanced without any enhancements being pled in the indictments.

**II.     Discussion**

**1.     Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle

from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.    Exhaustion**

Respondent argues the petitions should be dismissed because Petitioner failed to exhaust his claims in state court. A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).

Respondent argues that the claim Petitioner submitted in state court differs from the claim he submitted in this court. In his state habeas petition, Petitioner argued: (1) the indictments did not include enhancement paragraphs; (2) the prosecutor did not give notice of adding enhancements; and (3) the trial judge improperly added the enhancements at sentencing. In his federal petition, Petitioner argues: (1) the indictments did not include enhancement paragraphs; (2) although the prosecutor made a motion to amend the indictments, this motion was never granted; and (3) the prior convictions were unlawfully used to enhance his sentences. The Court finds that Petitioner submitted the factual and legal basis of his current claims to the state court. The Court therefore addresses the merits of Petitioner's claims.

**3.    Enhancement Paragraphs**

Petitioner states the enhancement paragraphs were not pled in the indictments, which rendered his enhanced sentences illegal. State law, however, does not require that enhancement paragraphs be pled in the indictment. *See Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997) (holding that notice of intent to enhance is not required in the indictment but may be

provided in another form); *Carey v. Quarterman*, No. 3:06-CV-2184-K, 2008 WL 4061420 (N.D. Tex. Aug. 24, 2008) (same). In this case, the state provided Petitioner with a notice of intent to enhance the punishment in each of his cases. *Ex parte Turner*, 70,577-01, 02, -03 at 29-31. Petitioner also signed written plea admonishments in each case which informed Petitioner of his enhanced punishment range. *Id*. at 31-34. The state court found the notice of enhancement provided to Petitioner was adequate under state law and that it was sufficient to meet due process concerns. Petitioner has failed to show the state court's decision to deny relief was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 1st day of June, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).